STATE OF HAWAII, Plaintiff-Appellant, *v.* LARRY MEHAU and MA-MON PRODUCTIONS, INC., Defendants-Appellees

NO. 10365

(CR. NOS. C84-6739, C84-6740)

DECEMBER 11, 1985

LUM, C.J., NAKAMURA, PADGETT, AND WAKATSUKI, JJ., AND INTERMEDIATE APPELLATE COURT ASSOCIATE JUDGE TANAKA, IN PLACE OF HAYASHI, J., RECUSED

OPINION OF THE COURT BY NAKAMURA, J.

Anonymous campaign contributions are proscribed by Hawaii Revised Statutes (HRS) § 11-201(a).[1] Ma-Mon Productions, Inc. (Ma-Mon) was charged with making an anonymous contribution to a candidate "[o]n or about the 27th day of June, 1982, to and including the 6th day of July, 1984," and Larry Mehau (Mehau), an officer of Ma-Mon, was charged with knowingly authorizing the contribution. The District Court of the First Circuit dismissed the charges on the ground that the

---

[1]HRS § 11-201(a) reads:

No person shall make an anonymous contribution of his own money or property, or money of another person, to any candidate, party, or committee in connection with a nomination for election, or election. No candidate, party, or committee shall knowingly receive, accept, or retain an anonymous contribution, or enter or cause such contribution to be entered in its accounts as an anonymous contribution or in a name other than the true name of the person who actually furnished the contribution.

applicable statute of limitations[2] had run before prosecution was instituted. The State of Hawaii appeals, averring prosecution was not barred because the offenses were not "completed" until December 7, 1982 or August 31, 1982. But we conclude the district court did not err in dismissing the complaints.

I.

The Prosecuting Attorney of the City and County of Honolulu transmitted a complaint to the Campaign Spending Commission of the State of Hawaii on July 12, 1984. The complaint alleged the Friends of Ariyoshi, Hawaii Protective Association, Ltd., Ma-Mon Productions, Inc., Larry Mehau, and Hawaiian Airlines had committed twelve violations of the Campaign Spending Law, HRS §§ 11-201 through 11-229, in connection with the gubernatorial election conducted in 1982. The accompanying letter stated the Prosecuting Attorney's "Office conducted the initial investigation in this matter and assisted the Grand Jury in its investigation." He "offer[ed] the services of []his office in whatever way may be helpful to the Commission in the prosecution of the charges."[3] But he advised the commission that it was "imperative that complaints in the case be filed" before the beginning of September.[4]

---

[2]HRS § 11-229(c) reads:
   Prosecution for violation of any provision of this subpart shall not be commenced after two years have elapsed from the date of the violation or date of filing of the report covering the period in which the violation occurred, whichever is later.

[3]HRS § 11-216(a) provides in part that "[c]omplaints of violations of the [Campaign Spending Law] against any person shall be filed with the commission," and HRS § 11-216(g) states "[t]he commission may only initiate prosecution as provided in section 11-229 when it finds that probable cause of a wilful violation exists."

[4]The Prosecuting Attorney acknowledged the existence of questions related to the statute of limitations, and his letter to the commission in relevant part stated:
   As you know, the biggest problem in this case is that the issue of the Statute of Limitations for some of these charges will come up at the beginning of September, 1984. It is imperative that complaints in this case be filed in Court prior to that time. It would be tragic if prosecution of some of these charges was barred by the lapse of the Statute of Limitations.

The commission considered the complaint and concluded there was probable cause to believe two violations of the Campaign Spending Law had occurred. It found Ma-Mon had made a prohibited contribution on June 27, 1982 to the Friends of Ariyoshi and Larry Mehau had authorized such contribution.[5] It then referred the two cases to the Prosecuting Attorney for prosecution.[6]

The Prosecuting Attorney filed complaints against Ma-Mon and Mehau in the District Court of the First Circuit on August 7, 1984. The prosecutor's pleadings, however, did not reiterate the probable cause determinations made by the commission. Though the commission "found" the alleged violations of the Campaign Spending Law had occurred on June 27, 1982,[7] the complaints alleged the offenses were

---

[5]June 27, 1982 was the date of a campaign rally conducted at Lihue, Kauai on behalf of Governor Ariyoshi's candidacy, for which Mehau arranged the presence of several entertainers. He allegedly paid for their transportation to and from the event with a check drawn on Ma-Mon's account, which was deposited by Hawaiian Airlines on December 7, 1982.

[6]The commission acted on the complaint on July 25, 1984 and promptly informed the Prosecuting Attorney of its determination. Its communication to the prosecutor was worded as follows:

Please be informed that presuming the Campaign Spending Law has been precleared pursuant to Section 5 of the Voter Rights Act of 1965, and that said preclearance may be retroactively applied, The Campaign Spending Commission has found, in a regularly scheduled meeting just completed, probable cause to believe that a wilful violation of the law has occurred, to wit:

On or about the 27th day of June, 1982, in the City and County of Honolulu, State of Hawaii, Ma-Mon Productions, Inc. did make an anonymous non-monetary contribution to the Friends of Ariyoshi in connection with an election thereby violating Section 11-228(a), 11-201(a) and 11-207(a) of the Hawaii Revised Statutes.

On or·about the 27th of June, 1982, in the City and County of Honolulu, State of Hawaii, Larry Mehau, did as a director, officer, and agent of Ma-Mon Productions, Inc., knowingly authorize, order, and do acts which constitute a violation of Sections 11-228(a), 11-201(a) and 11-207(a) of the Hawaii Revised Statutes by Ma-Mon Productions, Inc., which on or about the 27th day of June, 1982, in the City and County of Honolulu, State of Hawaii, did make an anonymous non-monetary contribution to The Friends of Ariyoshi in connection wi[t]h an election there[b]y violating Sections 11-228(a), 11-201(a) and 11-207(a) of the Hawaii Revised Statutes.

Accordingly, the Commission hereby refers this matter to your office for prosecution.

[7]See supra note 6.

committed by Ma-Mon and Mehau "[o]n or about the 27th day of June, 1982, to and including the 6th day of July, 1984."[8]

Ma-Mon and Mehau promptly moved to dismiss the criminal actions. The complaints, they claimed, failed to state offenses for which they could be prosecuted; and they asserted the cases were subject to dismissal "for failure to prosecute within the applicable statute of limitations." The district court agreed that HRS § 11-229(c) served to bar prosecution under the circumstances recounted in the complaints and the memoranda submitted by the parties. In the court's view the two-year limitation period prescribed by HRS § 11-229(c) commenced on June 27, 1982, the date of the campaign rally for which an allegedly illegal expenditure was made by Ma-Mon. Thus the criminal actions brought against the defendants on August 7, 1984 were dismissed, and the State appeals from the judgment.

## II.

The State urges reversal of the district court's decision and order primarily on two grounds. Initially it argues "the illicit contribution" was not "completed" until "Ma-Mon's check was presented for pay-

---

[8]The complaint against Ma-Mon read as follows:

On or about the 27th day of June, 1982, to and including the 6th day of July, 1984, in the District of Honolulu of the City and County of Honolulu, State of Hawaii, Ma-Mon Productions, Inc., did make an anonymous contribution of its own money or property, to a candidate and committee, to wit: George Ariyoshi and The Friends of Ariyoshi, in connection with an election thereby violating Sections 11-228(a), 11-201(a), and 11-207(a) of the Hawaii Revised Statutes.

The complaint against Mehau read as follows:

On or about the 27th day of June, 1982, to and including the 6th day of July, 1984, in the District of Honolulu of the City and County of Honolulu, State of Hawaii, Larry Mehau, did as a director, officer, and agent of Ma-Mon Productions, Inc., knowingly authorize, order, and do acts which constitute violation of Sections 11-228(a), 11-201(a), and 11-207(a) of the Hawaii Revised Statutes by Ma-Mon Productions, Inc., which on or about the 27th day of June, 1982, to and including the 6th day of July, 1984, in the District of Honolulu of the City and County of Honolulu, State of Hawaii, did make an anonymous contribution of its own money or property, to a candidate and committee, to wit: George Ariyoshi and The Friends of Ariyoshi, in connection with an election thereby violating Sections 11-228(a), 11-201(a), and 11-207(a) of the Hawaii Revised Statutes.

ment" by Hawaiian Airlines. In the alternative, it asserts "the earliest possible reporting deadline . . . which would have been applicable to Defendants if they had handled the . . . transaction in the usual course and sought reimbursement . . . so as to avoid making an anonymous contribution, would have been August 31, 1982." In either case, it contends, the prosecution was commenced within the allowable two-year period. The reasoning offered by the State in urging reversal, however, is far from persuasive.

A.

There is no statutory support for the State's thesis that the allegedly illicit contribution was "completed" when Ma-Mon's check was presented for payment. "Until the Ma-Mon Productions, Inc.'s check was deposited," the State argues, "the campaign debt was not discharged and no unlawful contribution had been received." But the unambiguous wording of relevant portions of the Campaign Spending Law rules out the holding urged upon us by the State.

Since the complaint alleged the offenses commenced on June 27, 1982, it cannot be doubted that the purportedly illegal transaction was the furnishing of transportation for several entertainers who performed at the Lihue rally. "For purposes of [the Campaign Spending Law], an expenditure [is] deemed to be made or incurred when the services are rendered or the product is delivered." HRS § 11-207(d).[9] Thus if Ma-Mon made a prohibited contribution, it was on June 27, 1982 when the rally was held and the transportation expenses were incurred. "[A] departure from the plain and unambiguous language of the statute cannot be justified without a clear showing that the legislature intended some other meaning would be given the language." *Espaniola v. Cawdrey-Mars Joint Venture,* 68 Haw. 171, 179, 707 P.2d 365, 370

---

[9]HRS § 11-207(d) reads:

For the purposes of this subpart, an expenditure shall be deemed to be made or incurred when the services are rendered or the product is delivered. Services rendered or products delivered for use during a reporting period covered by this subpart shall be deemed delivered or rendered during the period or periods of use; provided that these expenditures shall be reasonably allocated between periods in accordance with the time the services or products are actually used.

(1985). And we are not directed to anything demonstrating a legislative intent not to have HRS § 11-207(d) applied as written.

## B.

The State's alternative argument is premised on the reporting requirements imposed upon "a candidate or those committees directly associated with his candidacy" by the Campaign Spending Law. HRS § 11-195. The law, it maintains, deems "[a]ny organization or association which, or any individual who, accepts a contribution or makes an expenditure for or against any candidate" a "committee." *See* HRS § 11-191(6)(A). Since any "committee" as defined above "which makes expenditures in aggregate [of] more than $1000 . . . to influence the nomination and election of individuals to public office" is subject to the law's reporting requirements, *see* HRS § 11-191(6)(D), it claims Ma-Mon's contribution should have been reported. And in its view the pertinent limitation period commenced with the due date of "the final (supplemental) report concerning the 1982 elections," January 5, 1983.

But the complaints against Ma-Mon and Mehau charged no violation of the Campaign Spending Law's reporting requirements. There is no basis under the circumstances for applying that portion of HRS § 11-229(c) prescribing the limitation period for reporting violations. A valid prosecution for the allegedly anonymous contribution could only have been commenced before "two years [had] elapsed from the date of the violation," June 27, 1982. HRS § 11-229(c).

Affirmed.[10]

*Peter Van Name Esser* (*Ernest J. Freitas, Jr.* on the briefs), Deputy Prosecuting Attorneys, for appellant.

*David C. Schutter* (*Jerel D. Fonseca* with him on the brief; *Schutter, Cayetano & Playdon,* of counsel) for appellee.

---

[10]We find no merit in the State's argument that there was a continuing offense here.